FIRESTONE STORES *v.* HENDERSON.

[Cite as Firestone Stores v. Henderson (1971), 27 Ohio Misc. 160.]

(No. E-3305—Decided April 6, 1971.)

Dayton Municipal Court, Civil Division.

*Mr. Irvin J. Zipperstein*, for plaintiff.
*Messrs. Jablinski, Folino & Roberts*, for defendant.

RICE, J.

I. FACTS

The captioned cause came on to be heard by the court, without the intervention of a jury, upon the stipulations and citations of authorities of both parties.

The within action is a complaint for the replevin of two items to wit, a Philco refrigerator and a Firestone lawn mower. These items were purchased by the defendant, from the plaintiff, on two different dates—the refrigerator on August 30, 1968, and the lawn mower on April 16, 1969. Upon purchasing each item, the defendant signed an identical form styled "Retail Installment Contract Security Agreement" which listed the items purchased, the total price, the amount of the weekly payment, and also stated, in pertinent part, as follows:

"The undersigned buyer (the defendant) agrees to pay to the Firestone Tire and Rubber Company (the plaintiff) or its order, the amount shown as the 'time balance,' including any time payments which may be incorporated herein by reference, payable as shown on said table. Until such payment has been made, buyer agrees that: *seller shall retain title and right of possession of said merchandise*; buyer will not sell, remove or encumber and shall be responsible for all losses of or damages to said merchandise, and, in the event of default of any payment or payments, seller may take back the merchandise or affirm the sale and hold the buyer liable for the unpaid balance, including any

delinquency or collection charge where permitted by law. Except for standard warranties, the foregoing constitutes the entire agreement between the parties. (Emphasis added.)

The defendant defaulted on his weekly payments, and, upon his refusal to return the items in question, the plaintiff filed an action in replevin to compel the return of its merchandise.

II. THE ISSUE

Do the "retail installment contract, security agreements," in the case at Bar, qualify as security agreements within the meaning of the Uniform Commercial Code so that a security interest attaches which would allow the plaintiff-seller to claim or reclaim his property upon default of payment by the defendant-buyer?

III. DECISION

HELD: The above quoted documents qualify as security agreements within the meaning of the Uniform Commercial Code (Revised Code Title 13) so as to confer a security interest upon the plaintiff-seller which would enable him to recover his merchandise in an action for replevin upon default of payment by the defendant-buyer:

1. R. C. 1301.01 (KK)—" 'Security Interest' means an interest in personal property which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods, notwithstanding shipment or delivery to the buyer, R. C. 1302.42 is limited in effect to the reservation of a 'security interest.' "

2. R. C. 1309.05—"A security interest is a 'purchase money security interest' to the extent that it is:

"(A) Taken or retained by the seller of the collateral to secure all or part of its price * * *."

Any security interest, if it is determined that one exists in the case at Bar, arises under R. C. 1309.05.

3. R. C. 1309.21 (A) "A financing statement must be filed to protect a security interest except the following: * * * (4) A purchase money security interest in consumer goods."

4. R. C. 1309.07, Goods are: * * * (A) " 'Consumer

goods' if they are used or bought for use primarily for personal, family, or household purposes."

A refrigerator and a lawn mower being consumer goods, within the meaning of the Code, it is clear that this particular purchase money security interest, if it be determined that one exists in the case at Bar, need not be filed to perfect the security interest.

5. R. C. 1309.14—"* * * A security interest is not enforceable against the debtor * * * unless: * * * (2) The debtor has signed a security agreement which contains a description of the collateral."

6. R. C. 1309.01(A) (3)—" 'Collateral' means the property subject to a security interest."

7. R. C. 1309.08—"* * * any description of personal property * * * is sufficient, whether or not it is specific, if it reasonably identifies what is described."

In the case at Bar, the parties have stipulated that the description of the property involved is sufficient within the meaning of this section. (The instant description includes the type of item involved along with the model number and stock number.)

8. The only requirement for the enforceability of non-possessory security interests in cases not involving land are:

(a) A writing, (b) the debtor's signature, and (c) a description of the collateral or kinds of collateral. (See "comment" No. 1 under R. C. 1309.14.)

9. R. C. 1309.14—A security interest attaches once there is an agreement, pursuant to R. C. 1301.01 (KK) that it attach and value is given and the debtor has rights in the collateral. R. C. 1301.01 (C) defines the term "agreement" as the bargain of the parties as found in their language or by implication from the circumstances of the case.

10. R. C. 1309.01 (A) (8)—" 'Security Agreement' means an agreement which creates or provides for a security interest."

Based upon the preceding statutory authorities, the court concludes that:

1. The business transaction involved was an "agree-

ment" within the meaning of R. C. 1301.01 (C) and a "security agreement" within the meaning of R. C. 1309.01 (A) (8). The documents at issue indicate that value has been given (money paid or promised) and that the debtor-defendant, having been given possession of the collateral, has rights in the collateral (the refrigerator and the lawn mower). Pursuant to the terms of the "Retail Installment Contract Security Agreement" the seller has specifically retained the title and the right to possession of the collateral, the property subject to the security interest. The court holds that this is sufficient to indicate that the parties in executing this security agreement have agreed that the security interest attaches.

2. The documents in question are "security interests" within the meaning of R. C. 1301.01 (KK) in that there is an interest in the personal property involved (the collateral) which secures the payment or performance of an obligation.

3. Because of the nature of the transaction, the security interest (having been retained by the seller of the collateral to secure all or part of its price) is a purchase money security interest under R. C. 1309.05, which need not be filed to protect a security interest.

4. This security interest is enforceable against the debtor, pursuant to R. C. 1309.14 (A) (2) in that the debtor has signed a security agreement containing an adequate description of the collateral.

Wherefore, the court holds that the documents in question constitute enforceable security agreements confering enforceable security interests in the person of the plaintiff in the goods or merchandise in question, and thereby awards judgment, on this complaint in replevin, to the plaintiff and against the defendant. The court therefore orders the defendant to return, to the plaintiff, the chattels prayed for in the complaint. Judgment is awarded to this extent and also for costs of suit.